UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANNA CHRISTIAN,

    Plaintiff,

v.

GENERAL REVENUE
CORPORATION,

    Defendant.
_____/

## Complaint

**I.   Introduction**

1. This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

**II.   Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3. Plaintiff Tawanna Christian is an adult, natural person residing in Kent County, Michigan. Ms. Christian is a "consumer" and "person" as the terms are defined and used in the

1

FDCPA. Ms. Christian is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC. Ms. Christian is a "person" as the term is defined and used in the TCPA.

4. Defendant General Revenue Corporation ("GRC") is an Ohio corporation. The registered agent for GRC in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. According to the 2012 Annual Report filed by GRC with the State of Michigan, GRC is engaged in the business of "collection of debt via interstate commerce." GRC uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. GRC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. GRC is a "debt collector" as the term is defined and used in the FDCPA. GRC is licensed (No. 2401001729) by the State of Michigan to collect debts in Michigan. GRC is a "collection agency" and "licensee" as the terms are defined and used in MOC. GRC is a "person" as the term is defined and used in the TCPA.

## IV. Facts

5. Ms. Christian used a credit account to obtain goods and/or services for personal, family and household purposes. Any resulting obligation of Ms. Christian to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6. Ms. Christian's creditor claimed that Ms. Christian defaulted on her alleged obligation to repay the alleged debt.

7. Ms. Christian disputes the alleged debt.

8. Ms. Christian refuses to pay the alleged debt.

9. Ms. Christian's creditor placed Ms. Christian's account and related, alleged debt with defendant General Revenue Corporation for collection.

10. On or about February 6, 2013 at approximately 7:36 p.m., GRC placed a call to Ms. Christian's cellular telephone in connection with efforts to collect the alleged debt from Ms. Christian and a male GRC employee left the following recorded message on Ms. Christian's voice mail: "This message is meant only for Tawanna and it's about a personal business matter with General Revenue Corporation. Our number to call back is 1-888-710-6818. Your account number is 23629862. Thank you and have a nice day." According to the caller identification feature on Ms. Christian's cellular telephone, the call originated from telephone number 513-605-7537.

11. GRC placed the above-described telephone call to Ms. Christian's cellular telephone and left the above-quoted message on Ms. Christian's voice mail, in connection with efforts by GRC to collect the alleged debt from Ms. Christian.

12. GRC placed the above-described telephone call to Ms. Christian's cellular telephone and left the above-quoted message on Ms. Christian's voice mail, in an effort to induce Ms. Christian to place a return telephone call to GRC so that GRC could continue in its efforts to collect the alleged debt from Ms. Christian.

13. GRC placed the above-described telephone call to Ms. Christian's cellular telephone and left the above-quoted message on Ms. Christian's voice mail, for the animating purpose of inducing Ms. Christian to pay the alleged debt.

14. The above-quoted message left by GRC on Ms. Christian's voice mail constituted a "communication" as the term is defined and used in the FDCPA and MOC.

15. GRC did not disclose in the above-quote message left by the GRC employee on Ms. Christian's voice mail that GRC was attempting to collect a debt from Ms. Christian and that

any information obtained would be used for that purpose.

16. GRC did not disclose in the above-quote message left by the GRC employee on Ms. Christian's voice mail that GRC was a debt collector.

17. GRC violated the FDCPA by failing to disclose in above-quoted message it left on Ms. Christian's voice mail that GRC was attempting to collect a debt and that any information obtained would be used for that purpose. 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

18. GRC violated the FDCPA by failing to disclose in above-quoted message it left on Ms. Christian's voice mail that GRC was a debt collector. 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

19. When GRC left the above-quoted message on Ms. Christian's voice mail, GRC and its management were aware of multiple, published federal district court opinions in which the courts have held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector and without disclosing that the caller is attempting to collect a debt and that any information obtained would be used for that purpose. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

4

20. The GRC employee violated GRC company policy when he left the above-quoted message on Ms. Christian's voice mail and did not state that he was attempting to collect a debt and that any information obtained would be used for that purpose.

21. The GRC employee violated GRC company policy when he left the above-quoted message on Ms. Christian's voice mail and did not state that he was debt collector.

22. The GRC employee did not violate GRC company policy when he left the above-quoted message on Ms. Christian's voice mail and did not state that he was attempting to collect a debt and that any information obtained would be used for that purpose.

23. The GRC employee did not violate GRC company policy when he left the above-quoted message on Ms. Christian's voice mail and did not state that he was debt collector.

24. GRC did not reveal the purpose of its call in the above-quoted message left by the GRC employee on Ms. Christian's voice mail.

25. GRC concealed the purpose of its call in the above-quoted message left by the GRC employee on Ms. Christian's voice mail.

26. GRC did not reveal and concealed the purpose of its call in the above-quoted message left by the GRC employee on Ms. Christian's voice mail, and thereby violated the MOC, M.C.L. § 339.915(e).

27. In the one-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail machine or telephone answering machine of the person called, without disclosing in the message that GRC was attempting to collect a debt and that any

information obtained would be used for that purpose.

28. In the one-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail machine or telephone answering machine of the person called, without disclosing in the message that the telephone call was from a debt collector.

29. In the four-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without revealing in the message the purpose of the telephone call.

30. In the four-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, and concealed the purpose of the telephone call.

31. GRC has been sued multiple times in various United States District Courts for allegedly violating the FDCPA when collecting consumer debts by allegedly leaving voice messages for consumers without identifying itself as a debt collector and without disclosing that the caller is attempting to collect a debt and that any information obtained would be used for that purpose.

32. GRC made an audio recording of the telephone call in which the GRC employee

left the above-quoted message on Ms. Christian's voice mail.

33. GRC makes audio recording of virtually every telephone call made by its employees in connection with efforts to collect debts.

34. GRC has made an audio recording of virtually every telephone call made by its employees in connection with efforts to collect debts during the past four years.

35. In the one-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts: (a) placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, (b) left a recorded message on the voice mail machine or telephone answering machine of the person called, (c) failed to disclose in the message that GRC was attempting to collect a debt and that any information obtained would be used for that purpose, and (d) made an audio recording of the call and message left by GRC.

36. In the one-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts: (a) placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, (b) left a recorded message on the voice mail machine or telephone answering machine of the person called, (c) failed to disclose in the message that GRC was a debt collector, and (d) made an audio recording of the call and message left by GRC.

37. In the four-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts: (a) placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, (b) left a recorded message on the voice mail or telephone answering machine of the person called, (c) failed to

reveal in the message the purpose of the telephone call, and (d) made an audio recording of the call and message left by GRC.

38. In the four-year period immediately preceding the filing of this complaint, GRC in connection with efforts to collect consumer debts: (a) placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, (b) left a recorded message on the voice mail or telephone answering machine of the person called, (c) concealed in the message the purpose of the telephone call, and (d) made an audio recording of the call and message left by GRC.

39. Ms. Christian's cellular telephone number was "assigned to a . . . cellular telephone service" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

40. GRC used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to make the above-described call to Ms. Christian's cellular telephone.

41. GRC used an "automatic telephone dialing system" as defined at 47 C.F.R. 64.1200(f)(1) to make the above-described call to Ms. Christian's cellular telephone.

42. The above-described call made by GRC to Ms. Christian's cellular telephone was not made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

43. GRC did not obtain Ms. Christian's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A) to make the above-described call to Ms. Christian's cellular telephone.

44. GRC did not have an "established business relationship" with Ms. Christian as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4) when GRC made the above-described call to Ms. Christian's cellular telephone.

45. GRC is not a "tax exempt nonprofit organization" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4).

46. Ms. Christian did not provide her cellular telephone number to GRC.

47. GRC used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to make the above-described calls to Ms. Christian's cellular telephone, without Ms. Christian's prior express consent and for a non-emergency purpose, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

48. GRC knowingly violated the TCPA.

49. GRC wilfully violate the TCPA.

## V. Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

50. Plaintiff incorporates the foregoing paragraphs by reference.

51. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt; and

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)    Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

52.    Plaintiff incorporates the foregoing paragraphs by reference.

53.    Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

    b)    Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt; and

    e)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to M.C.L. § 339.916(2);

    b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c)    Statutory damages pursuant to M.C.L. § 339.916(2); and

    d)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Count 3 – Telephone Consumer Protection Act

54.    Plaintiff incorporates the foregoing paragraphs by reference.

55.    Defendant has violated the TCPA. Defendant's violations of the TCPA include,

but are not necessarily limited to, the following:

a) Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages or $500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B); and

b) Treble actual damages or $1,500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(C).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: February 8, 2013

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com